1  ERIC D. HOUSER #130079
   JOSHUA R. MINO #246760
2  HOUSER & ALLISON
   A Professional Corporation
3  9970 Research Drive
   Irvine, CA 92618
4  Phone (949) 679-1111
   Fax (949) 679-1112
5  JMino@houser-law.com

6  Attorneys for Defendants FEDERAL HOME LOAN
   MORTGAGE CORPORATION, erroneously sued herein
7  as FEDERAL HOME LOAN MORTGAGE CORPORATION
   dba FREDDIE MAC, a Business Entity the Form of Which is Unknown;
8  and OCWEN LOAN SERVICING, LLC

9

            UNITED STATES DISTRICT COURT
10
   FOR THE CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION
11

12
   FRANK AGUILAR, an individual, and  ) Case No.: 8:13-cv-01717-CJC-E
13 HELEN AGUILAR, an individual,      )
                                      )
14            Plaintiffs,             ) **DEFENDANTS' REPLY TO**
                                      ) **OPPOSITION TO MOTION TO**
15 v.                                 ) **DISMISS SECOND AMENDED**
                                      ) **COMPLAINT**
16 OCWEN LOAN SERVICING, LLC a        )
   Delaware corporation; FEDERAL      )
17 HOME LOAN MORTGAGE                 ) **[FRCP 12(b)(6)]**
   CORPORATION, dba FREDDIE           )
18 MAC, a Business Entity the Form of ) DATE:   February 10 2014
   Which is Unknown aka FEDERAL       ) TIME:   1:30 p.m.
19 HOME LOAN MORTGAGE and Does ) CTRM:  9B
   1 to 100, Inclusive,               )
20                                    )
              Defendant(s).           )
21                                    ) Complaint filed: April 28, 2009
                                      ) Trial Date: None
22 _____   )

23 **TO THE COURT, THE PARTIES AND THEIR ATTORNEY OF RECORD:**

24        **PLEASE TAKE NOTICE** Defendants FEDERAL HOME LOAN

25 MORTGAGE CORPORATION, erroneously sued herein as FEDERAL HOME

26 LOAN MORTGAGE CORPORATION dba FREDDIE MAC, a Business Entity

27 the Form of Which is Unknown ("FREDDIE MAC") and OCWEN LOAN

28 
   **DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED**
   **COMPLAINT**
   1

1  SERVICING, LLC ("OCWEN") (FREDDIE MAC and OCWEN shall
2  collectively be referred to as ("Defendants") hereby provide this Reply to
3  Plaintiffs FRANK and HELEN AGUILAR'S ("Plaintiffs") Opposition to
4  Defendants' Motion to Dismiss the Second Amended Complaint ("SAC").

6  Dated: January 27, 2014     HOUSER & ALLISON
7                              A Professional Corporation

8                              /s/ Joshua R. Mino
9                              Eric D. Houser
                               Joshua R. Mino
10                             Attorneys for Defendants, FEDERAL HOME
                               LOAN MORTGAGE CORPORATION,
11                             erroneously sued hereinas FEDERAL HOME
                               LOAN MORTGAGE CORPORATION dba
12                             FREDDIE MAC, a Business Entity the Form of
13                             Which is Unknown and OCWEN LOAN
                               SERVICING, LLC
14

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

2

# TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................. 1

II. LEGAL AUTHORITY AND ARGUMENT ....................................................... 1

  A. PLAINTIFFS CANNOT AVOID A DISMISSAL BY ALLEGING NEW FACTS IN THEIR OPPOSITION THAT WERE NOT CONTAINED IN THE SECOND AMENDED COMPLAINT. ..................................................... 1

    1. Plaintiffs' Newly Asserted Facts Should Not Be Considered By This Court ................................................................................................................ 1

    2. Plaintiffs Have Made False And Misleading Statements To This Court In Order to Avoid Dismissal ................................................................................ 2

  B. PLAINTIFFS FAIL TO ESTABLISH A CLAIM FOR WRONGFUL FORECLOSURE ................................................................................................ 3

    1. Western Progressive had the Authority to Issue the NOD. ......................... 3

    2. Ocwen properly substituted Western as trustee under the Deed of Trust .... 4

    3. Sacchi is clearly distinguishable and of no help to Plaintiffs ....................... 5

    4. Plaintiffs fail to allege tender and any prejudice .......................................... 6

    5. Plaintiffs failed to timely Reinstate their Loan ............................................ 7

  C. PLAINTIFFS FAIL TO ALLEGE FACTS TO SUPPORT THE ELEMENTS FOR PROMISSORY ESTOPPEL AS THERE WAS NO CLEAR PROMISE AND THERE IS NO DETRIMENTAL RELIANCE .................. 8

  D. PLAINTIFFS' FRAUD CLAIM FAILS AS THEY FAIL TO PLEAD WITH THE NECESSARY LEVEL OF SPECIFY REQUIRED ............................. 9

  E. PLAINTIFFS' QUIET TITLE CLAIM FAILS AS A MATTER OF LAW . 10

  F. PLAINTIFFS' CLAIM FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 FAILS BECAUSE PLAINTIFFS LACK STANDING AND IT IS PREMISED EXCLUSIVELY ON UNDERLYING CLAIMS THAT FAIL ..................................................... 11

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

i

G. PLAINTIFF HAVE PLED THEMSELVES OUT OF COURT BY ATTACHING EXHIBITS WHICH ARE INCONSISTENT WITH THEIR CLAIMS ...................................................................................................... 11

III. CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

**Federal Court Cases**

ABascos v. Federal Home Loan Mortgage Corp., 2011 WL 3157063, at *5 (C.D.Cal.2011) ................................................................................................ 4

Boyter v. Wells Fargo Bank, N.A., 2012 WL 1144281, at *5 (N.D.Cal.2012) ........ 4

*DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376 at *8 (Jan. 28, 2011, N.D. Cal.) ............................................................................................................ 8

Gomez v. Wells Fargo Bank, N.A., 2012 WL 6427567, at *4 (S.D.Cal.2012) ........ 4

Hal Toach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.Supp.2d 1542,1555 (9th Cir. 1990) .............................................................................................. 11

In re Salazar 2012 WL 896214 (S.D.Cal.2012) ...................................................... 6

Permito v. Wells Fargo Bank, N.A., 2012 WL 1380322, at *4 (N.D.Cal.2012) ...... 4

Permito v. Wells Fargo Bank, N.A., 2012 WL 1380322, at *6 (N.D.Cal.2012). ..... 7

Plastino v. Wells Fargo Bank, 873 F.Supp.2d 1179 (E.D. Cal. 2012) .................... 11

Sacchi v. Mortgage Electronic Registration Systems, Inc., 2011 WL 2533029, at *3-6 (C.D.Cal.2011) ..................................................................................... 5

Sato v. Wachovia Mortg. FSB, 2011 WL 2784567, at *9 (N.D.Cal.2011) .............. 4

**State Court Cases**

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009) ................................ 1

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, (2007) ................ 1

Bradley v. Hartford Acc. & Indem. Co. (1973) 30 Cal.App.3d 818, 825 ................ 9

Ferguson v. Avelo Mortgage, LLC, 195 Cal.App.4th 1618 (2011) ......................... 4

Jenkins v. JP Morgan Chase Bank, N.A. (2013) 216 Cal.App.4th 497, 523 ......... 11

Knapp v. Doherty 123 Cal.App.4th 76, 86 fn. 4 (2004) .......................................... 6

Laks v. Coast Fed. Sav. & Loan Assn. (1976) 60 Cal. App. 3d. 885, 890 ............... 8

Little v. CFS Serv. Corp., 188 Cal.App.3d 1354, 1359 (1987) ............................... 6

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

iii

Onofrio v. Rice, 55 Cal.App.4th 413, 424 (1997).......................................................6

Sacchi v. Mortgage Electronic Registration Systems, Inc., 2011 WL 2533029, at
  *3-6 (C.D.Cal.2011) ................................................................................................5

Silberg v. Anderson (1990) 50 Cal.3d 205, 212- 213 ..................................................9

Sprewell v. Golden State Warriors 226 F.Supp.3d 979,988 (9th Cir. 2001) ...........11

Tarmann v. State Farm Mut. Auto. Ins. Co. (1991) 2 Cal.App.4th 153, 157 ...........9

Turner v. Milstein (1951) 103 Cal.App.2d 651, 658....................................................9

US Ecology, Inc. v. State (2005) 129 Cal.App.4th 887, 901-902..............................8

**Statutes**

Business & Professions Code §§ 17203, 17204........................................................11

Cal. Civil Code § 2924(a)(1) .........................................................................................4

Civ. Code § 2924(c).......................................................................................................6

Civ. Code § 2934a(c).....................................................................................................5

Civil Code § 2924(a)(1)) ...............................................................................................3

Civil Code § 2934a(d) ...................................................................................................5

## I. INTRODUCTION

Plaintiff's Opposition contains a host of new facts that were not originally alleged in the SAC. Plaintiffs also assert facts that are irrelevant to the case at bar, and they rely on inadmissible evidence to support the claims. Further Plaintiffs make false and misleading statements to this Court in order to avoid the Court's granting the Motion to Dismiss. Despite Plaintiffs' new allegations, they still fail in many respects to state a claim upon which relief can be granted. Plaintiffs' claims should therefore be dismissed.

## II. LEGAL AUTHORITY AND ARGUMENT

### A. PLAINTIFFS CANNOT AVOID A DISMISSAL BY ALLEGING NEW FACTS IN THEIR OPPOSITION THAT WERE NOT CONTAINED IN THE SECOND AMENDED COMPLAINT.

Plaintiffs have asserted additional facts in their Opposition to Defendants' Motion to Dismiss that were not originally pled in the SAC. "Rule 8(a)(2) of the Federal Rules requires that a complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 573, 127 S. Ct. 1955 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547, 127 S. Ct. 1955, (2007). The purpose of a Complaint is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007).

#### 1. Plaintiffs' Newly Asserted Facts Should Not Be Considered By This Court

Here, Plaintiffs' Opposition consists of numerous allegations that were not

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

1

included in the SAC. Further, Plaintiffs fail to cite to the specific portions of the SAC which they claim supports their position. For example, Plaintiffs claim that, "at the time of filing the complaint, Plaintiffs did not know the names of the Ocwen Representatives that made the promises to them, nor did the Plaintiff know the exact dates in which the promises were made," however such facts are not presented in the SAC (Opposition, p. 16). Plaintiffs' claim that they now know the names of who made the alleged promise and the date that the alleged promise because they have conducted discovery and this information is contained in Ocwen's communication logs. (Opposition p. 20).

Further, Plaintiffs assert that they detrimentally relied on the alleged promise, yet there is no such allegation of detrimental reliance pled in the SAC. (Id. at 16-19).  Instead, Plaintiffs once again assert[1] in the Opposition, instead of the verified SAC, that the money was withdrawn from a pension fund and obtained from other sources. (Opposition, pgs. 16:9-12; 17:4-15).  This information in not contained anywhere in SAC. Accordingly, fair notice was not given to the Defendants because, Plaintiffs raise allegations for the first time in the Opposition, instead of the *verified* pleading.

## 2. Plaintiffs Have Made False And Misleading Statements To This Court In Order to Avoid Dismissal

In order to demonstrate the lengths that Plaintiffs' and their counsel will go to avoid having this matter dismissed, Defendants are compelled to point out to the Court Plaintiffs false and misleading facts. Plaintiffs argue throughout the Opposition that Plaintiffs received information and documents after the SAC was filed so it should be granted leave to amend. (Opposition pgs. 16:22-25; 20:15-20). Plaintiffs served the SAC on Defendants on **October 21, 2013**.  (Request for

---

[1] Plaintiffs asserted the same argument in response to the demurrer to the First Amended Complaint in the State Court action, but failed to include any of these facts when Plaintiffs prepared the Second Amended Complaint.

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Judicial Notice ("RJN"), Ex. 1; Declaration of Joshua Mino, Ex. 1).

Contrary to Plaintiffs false statement made to this Court in the Opposition, Defendants served their discovery responses, along with the produced documents on *September 16, 2013*. (RJN, Ex. 2; Declaration of Joshua Mino, Ex. 2). ***Defendants served the documents and written discovery responses, referenced in the Opposition, to Plaintiffs more than a month prior to Plaintiffs serving the SAC on Defendants***. Despite having the information necessary to allegedly sufficiently plead the causes of action, Plaintiff did not include those facts in the SAC. Plaintiffs knowingly provided false information to this Court so that the SAC would not be dismissed with prejudice by the Court. Plaintiffs should therefore not be permitted to amend the SAC and the claims should be dismissed with prejudice.

### B. PLAINTIFFS FAIL TO ESTABLISH A CLAIM FOR WRONGFUL FORECLOSURE

#### 1. Western Progressive had the Authority to Issue the NOD.

Plaintiff concludes in the SAC without any factual justification or support that Western Progressive did not have the authority to issue the Notice of Default ("NOD"), because it had not yet been substituted in as the Trustee. As the Plaintiffs provide in the Opposition, a NOD can be issued by the "trustee, mortgagee or beneficiary, or any of their authorized agents." (Opposition p. 7:1-4, citing Civil Code § 2924(a)(1).

Plaintiffs alleges that Western was not the trustee at the time it issued the Notice of Default. (Opposition at p. 6.) Even though the Notice of Default preceded the Substitution of Trustee, that claim fails because Western, at the time of filing of the Notice of Default, was acting as agent of the beneficiary and servicer. As an agent of Bank of America and Ocwen, Western had the authority

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**
3

to execute the Notice of Default. *See* <u>Bascos v. Federal Home Loan Mortgage Corp.</u>, 2011 WL 3157063, at *5 (C.D.Cal.2011) (agent of beneficiary was authorized to record the notice of default prior to the substitution as trustee); <u>Boyter v. Wells Fargo Bank, N.A.</u>, 2012 WL 1144281, at *5 (N.D.Cal.2012) (same); <u>Gomez v. Wells Fargo Bank, N.A.</u>, 2012 WL 6427567, at *4 (S.D.Cal.2012) (on motion to dismiss, finding that substituted trustee was authorized to initiate foreclosure as agent of beneficiary, where notice of default preceded substitution of trustee); <u>Sato v. Wachovia Mortg. FSB</u>, 2011 WL 2784567, at *9 (N.D.Cal.2011) (same); <u>Permito v. Wells Fargo Bank, N.A.</u>, 2012 WL 1380322, at *4 (N.D.Cal.2012) (dismissing wrongful foreclosure claim based on allegations similar to the instant where notice of default was issued by the trustee prior to substitution of the trustee but plaintiff failed to allege any prejudice or harm). This is because Cal. Civil Code § 2924(a)(1) expressly permits "[t]he trustee, mortgagee, or beneficiary, or any of their authorized agents" to file a notice of default. Moreover, even if Western did not have the authority to execute the Notice of Default, "such defect would not corrupt all subsequent steps in the nonjudicial foreclosure proceedings such that the sale was void." <u>Boscos</u>, supra, fn. 3 (*citing* <u>Ferguson v. Avelo Mortgage, LLC</u>, 195 Cal.App.4th 1618 (2011) ["Appellants offer no authority for the proposition that the defective nature of the initial notice of default corrupted all subsequent steps in the nonjudicial foreclosure proceedings such that the sale was void, not merely voidable."]).

### 2. Ocwen properly substituted Western as trustee under the Deed of Trust

Having been assigned the beneficial interest in the Deed of Trust from Bank of America, Ocwen, as the beneficiary of record at the time, was entitled to substitute the trustee to commence foreclosure proceedings. Thus, the substitution

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

4

of Western as trustee by Ocwen was entirely proper.

Contrary to Plaintiff's contention, the Substitution of Trustee need not be executed or recorded prior to the Notice of Default, only prior to the Notice of Sale. *See* Civ. Code § 2934a(c). Pursuant to Civil Code § 2934a(d), the recorded Substitution of Trustee is conclusive evidence of Western's authority to conduct the foreclosure sale.

### 3. Sacchi is clearly distinguishable and of no help to Plaintiffs

Plaintiff's reliance Sacchi is misplaced. Sacchi is a case involving specific procedural irregularities regarding the dates of the execution of the assignment and substitution of trustee. There is no such irregularity here.

In Sacchi, although the notice of default was properly issued by an agent of the beneficiary before any substitution of trustee, the recorded documents demonstrated that the foreclosing party, RCS, did not have a beneficial interest in the deed of trust when it attempted to substitute the trustee under the deed of trust. The assignment from MERS to RCS was not executed until a month after the substitution of trustee. Furthermore, there was also no evidence properly before the court to establish that RCS was the loan servicer at the time it commenced foreclosure proceedings. Sacchi v. Mortgage Electronic Registration Systems, Inc., 2011 WL 2533029, at *3-6 (C.D.Cal.2011). Here, not only was Ocwen the loan servicer but it held the beneficial interest in the Deed of Trust at the time it substituted Western as the trustee under the Deed of Trust.

In addition, Sacchi involved an inapposite situation where the trustee's sale had not yet been conducted. Once a trustee's sale is held, it is "presumed to have been conducted regularly and fairly; one attacking the sale must overcome this common law presumption 'by pleading and proving an improper procedure and the resulting prejudice.' " Knapp v. Doherty 123 Cal.App.4th 76, 86 fn. 4

(2004). Here, Plaintiffs specifically agreed in the Deed of Trust: "The recitals in the Trustee's Deed shall be prima facie evidence of the truth of the statements made therein." (RJN Ex. 3, Plaintiffs' Verified Complaint, Exhibit B, Deed of Trust ¶ 21.) The Trustee's Deed accordingly recites: "Trustee having complied with all applicable statutory requirements... and performed all duties required by said Deed of Trust..." (RJN Exh. 3, Plaintiffs' Verified Complaint, Exhibit G Trustee's Deed p. 1.) Such recital in the Trustee's Deed is prima facie evidence of compliance, and conclusive evidence in favor of bona fide purchasers. Civ. Code § 2924(c). The conclusory allegations in the SAC do not overcome this presumption.

### 4. Plaintiffs fail to allege tender and any prejudice

Although Plaintiffs argue that that tender should be excused because it is inequitable, the cases Plaintiffs rely upon are clearly distinguishable. In re Salazar was subsequently reversed on appeal. *See* In re Salazar 2012 WL 896214 (S.D.Cal.2012). Further, Plaintiffs' reliance on Sacchi is misplaced for the reasons already discussed. Onofrio involved a completely different situation where after trial, the borrower prevailed in a claim for breach of fiduciary duty and had a counterclaim or setoff against the defendant that simultaneously acted as lender, real estate broker, and foreclosure consultant. Onofrio v. Rice, 55 Cal.App.4th 413, 424 (1997). There is nothing inequitable about the instant situation where foreclosure was conducted due to Plaintiffs' failure to make mortgage payments and then failed to timely reinstate the loan. Plaintiffs also cannot rely on other exceptions to the tender rule because the trustee's sale has already been conducted and it is not void. As already discussed, the deed contains "conclusive presumption language" regarding notice defects that would render the sale merely voidable, if even, as opposed to void. *See* Little v. CFS Serv. Corp., 188 Cal.App.3d 1354, 1359 (1987).

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**
6

1    Furthermore, Plaintiffs failed to allege a prejudicial irregularity in the
2  foreclosure sale. "[F]or a foreclosure to be wrongful, no one can have the right to
3  foreclose." Permito v. Wells Fargo Bank, N.A., 2012 WL 1380322, at *6
4  (N.D.Cal.2012). Here, Plaintiffs fail to allege this much and clearly cannot
5  because of their admitted default, it would not prevent the foreclosure from going
6  forward following Plaintiffs' partial payment. Even if the Notice of Default was
7  defective, which is disputed, the allegations are insufficient to point to any
8  prejudice. Id. at *4 ("even if the process was defective, Plaintiff does not allege
9  she was harmed by any technical defect in the nonjudicial foreclosure
10 proceedings. Plaintiff simply alleges that the statutory requirements were not
11 strictly complied with and any subsequent actions, including the foreclosure sale,
12 must be set aside...") Here, similar to Permito, Plaintiffs only argument is that
13 there has not been strict compliance but they fail to plead that they have suffered
14 any prejudice as a result. Based on the foregoing, the Plaintiffs Wrongful
15 Foreclosure cause of action should be dismissed with prejudice.

16 ### 5. Plaintiffs failed to timely Reinstate their Loan

17   The facts pled in the SAC establish that Plaintiffs did not reinstate their
18 loan. Plaintiffs admit that they paid an amount that was insufficient to cure the
19 default. Plaintiffs then were provided with an opportunity to cure that defect, but
20 failed to do so by the time the Property was sold at the foreclosure sale. Because
21 Plaintiffs paid the balanced owed after the foreclosure sale was conducted, as set
22 forth in the moving papers, Plaintiffs failed to reinstate their loan. Therefore,
23 Defendants had the right to foreclose because the account was delinquent at the
24 time of the sale.

25
26
27
28

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**
7

### C. PLAINTIFFS FAIL TO ALLEGE FACTS TO SUPPORT THE ELEMENTS FOR PROMISSORY ESTOPPEL AS THERE WAS NO CLEAR PROMISE AND THERE IS NO DETRIMENTAL RELIANCE

Promissory estoppel is an equitable doctrine to allow enforcement of a promise that would otherwise be unenforceable for lack of consideration given in exchange for the promise sought to be enforced. US Ecology, Inc. v. State (2005) 129 Cal.App.4th 887, 901-902. Because promissory estoppel is an equitable doctrine, courts are given wide discretion in its application. *Id.*; *see also* Laks v. Coast Fed. Sav. & Loan Assn. (1976) 60 Cal. App. 3d. 885, 890. Here, Plaintiffs are essentially arguing that based on Ocwen's alleged "misrepresentations", the foreclosure sale should be voided.

Plaintiffs vaguely claim that they relied upon an alleged oral statement regarding an amount to pay to reinstate the loan. Plaintiffs do don't allege who made the statements, where and by what authority it was made. They also failed to provide the specific terms as to when the quote was valid through. Plaintiffs do not allege that Defendants promised Plaintiffs they did not need to take other action to enjoin the non-judicial foreclosure process and do not show how Defendants have prevented them from seeking alternative relief. Plaintiffs have not made a mortgage payment since early 2012, and cannot plausibly argue that they lost their property as a result of reliance on alleged promises concerning a reinstatement payment.

In *DeLeon v. Wells Fargo Bank, N.A.*, 2011 WL 311376 at *8 (Jan. 28, 2011, N.D. Cal.), the court held that plaintiff had not plausibly alleged that misrepresentation that the loan modification would be completed and no foreclosure sale would take place while the loan modification was pending caused her to lose her property because "in order to cure the default and reinstate their

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**
8

1 loan, plaintiffs would have been required to pay (a sum of money that) they have
2 not alleged they could have done." Likewise, Plaintiffs in this case do not deny
3 that they are in default on the subject loan. Plaintiffs' only assert in the Opposition
4 that they paid the amount to cure the default on the same day as the foreclosure
5 sale. However, as established in the moving papers, this amount was paid to
6 Ocwen *after* the foreclosure sale was already conducted. Therefore, Plaintiffs
7 failed to reinstate the loan prior to the foreclosure sale.

### D. PLAINTIFFS' FRAUD CLAIM FAILS AS THEY FAIL TO PLEAD WITH THE NECESSARY LEVEL OF SPECIFY REQUIRED

At no point in the SAC is there an allegation that provides the who, what where, when and by what authority, which is required to be pled as to a corporation. If fraud is alleged against a corporation, plaintiff faces an even more heightened pleading requirement and must allege "…the names of persons who made the allegedly fraudulent representation, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written." Tarmann v. State Farm Mut. Auto. Ins. Co. (1991) 2 Cal.App.4th 153, 157.

The Tarmann Court decided that the exception to pleading fraud with particularity was inapplicable. The Court held,

> We acknowledge that the requirement of specificity is relaxed when the allegations indicate that "the defendant must necessarily possess full information concerning the facts of the controversy" (Bradley v. Hartford Acc. & Indem. Co. (1973) 30 Cal.App.3d 818, 825 disapproved on another ground in Silberg v. Anderson (1990) 50 Cal.3d 205, 212-213) or "when the facts lie more in the knowledge of the opposite party[.]" (Turner v. Milstein (1951) 103 Cal.App.2d 651, 658.) However, we consider this exception inapplicable here, for State Farm [the Defendant] has no more reason to know who made the allegedly false representations to Tarmann than Tarmann.

Plaintiffs' argument, fail to plead the facts required in <u>Tarmann.</u> Plaintiffs argue that Defendants possess the knowledge of the facts regarding the alleged conversations regarding reinstatement. However, similar to <u>Tarmann</u>, where the Court held that the facts related to the false representation was equally available to both parties, Plaintiff is in possession or has knowledge of any communications or false representations allegedly made by Defendants. Defendants, here, have **no more reason** to know who made the allegedly false representations to the Plaintiff, than the Plaintiffs. *See* <u>Tarman</u>, *supra*, at 158.

Plaintiffs have failed to allege any facts with particularity, but rather conclude statements were made but provide no facts to support the claim. The facts that may exist are improperly incorporated in the Opposition rather than the SAC. Further Plaintiffs had all the information necessary to plead any and all necessary facts as Defendants produced their records to Plaintiffs over a month prior to the service of the SAC. Since Plaintiffs failed to include any claims in the SAC, we are forced to conclude that no such facts exist. Accordingly, Defendants' Motion to Dismiss should be granted.

### E. PLAINTIFFS' QUIET TITLE CLAIM FAILS AS A MATTER OF LAW

Defendants claim no interest in the Property. As set forth in the motion to dismiss, Plaintiffs fail to plead the elements of a quiet title claim. Further, a borrower may not quiet title without first paying the outstanding debt on the property. Accordingly, Plaintiffs' quiet title claim is barred by law.

Thus, Plaintiffs' Quiet Title claim fails a matter of law.

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**
10

### F. PLAINTIFFS' CLAIM FOR VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200 FAILS BECAUSE PLAINTIFFS LACK STANDING AND IT IS PREMISED EXCLUSIVELY ON UNDERLYING CLAIMS THAT FAIL

Plaintiffs' Opposition fails to address the fact that Plaintiffs lack standing to bring a claim under Business and Professions Code section 17200 (the "UCL") because they have not lost their property as a result of Defendants' alleged unfair business acts. Plaintiffs do not establish a causal link between Defendants' alleged unfair or fraudulent practices and the loss of their property. *See* Cal. Bus. & Profs. Code §§ 17203, 17204; Jenkins v. JP Morgan Chase Bank, N.A. (2013) 216 Cal.App.4th 497, 523. Because Plaintiffs' property was subject to non-judicial foreclosure due to their default on the loan, which occurred before Defendants' alleged wrongful acts, Plaintiffs cannot assert loss of their property was caused by Defendants' allegedly wrongful actions as a matter of law. *See Jenkins*, 216 Cal.App.4th at 523; Plastino v. Wells Fargo Bank, 873 F.Supp.2d 1179 (E.D. Cal. 2012). Furthermore, as explained in detail above and in Defendants' Motion to Dismiss, Plaintiffs' claim for violation of Business and Professions Code section 17200 fails because it is premised entirely on claims that fail. As such, Plaintiffs' claim for violation of Business and Professions Code section 17200 fails as a matter of law.

### G. PLAINTIFF HAVE PLED THEMSELVES OUT OF COURT BY ATTACHING EXHIBITS WHICH ARE INCONSISTENT WITH THEIR CLAIMS

Materials properly submitted with the complaint may be considered as part of the complaint for purposes of a Rule 12(b)(6) motion to dismiss. Hal Toach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.Supp.2d 1542,1555 (9th Cir.

---

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

11

1990). Plaintiff fail to cite to any legal authority for their proposition that the exhibits attached to their SAC cannot be used for the truth of the matters asserted therein. In fact, the law is contrary to that proposition and holds that a plaintiff may plead themselves out of court by attaching exhibits inconsistent with their claims. <u>Sprewell v. Golden State Warriors</u> 226 F.Supp.3d 979,988 (9th Cir. 2001). In this instance, Plaintiffs have included numerous exhibits which they now assert cannot be used by the Defendants to demonstrate the inconsistencies which contradict the basis of Plaintiffs claims. Clearly, these documents can be used for the truth of the matters asserted and when such facts contradict the claims, as they have done here, Plaintiffs can plead themselves out of Court. Based on the following, this Court should rule on Defendants' Motion to Dismiss by using those exhibits referenced, which demonstrate that Plaintiffs' claims are without merit.

### III. <u>CONCLUSION</u>

For the reasons set forth above and in Defendants' Motion to Dismiss the Second Amended Complaint, Defendants respectfully request that Plaintiffs' Second Amended Complaint be dismissed in its entirety with prejudice.

Dated: January 27, 2014
HOUSER & ALLISON
A Professional Corporation

/s/ Joshua R. Mino
Eric D. Houser
Joshua R. Mino
Attorneys for Defendants, FEDERAL HOME LOAN MORTGAGE CORPORATION, erroneously sued hereinas FEDERAL HOME LOAN MORTGAGE CORPORATION dba FREDDIE MAC, a Business Entity the Form of Which is Unknown and OCWEN LOAN SERVICING, LLC

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**
12

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                          ) ss
COUNTY OF ORANGE          )

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 9970 Research Drive, Irvine, CA 92618.

On January 27, 2014, I served the following document(s):

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**

On the following interested parties in this action described as follows:

John L. Norman
Law Offices of John L. Norman
1428 North Broadway
Santa Ana, CA  92706
714-547-5552
714-547-4283 (Fax)
jln@norman-law.net
*Attorney for Plaintiffs*

[ X ]   **BY ELECTRONIC MAIL:** I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed above.  I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

Executed on January 27, 2014, in Irvine, California.

                                     Jaclyn C. Martin

**DEFENDANTS' REPLY TO OPPOSITION TO MOTION TO DISMISS SECOND AMENDED COMPLAINT**
1