UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01717-CJC(Ex)             Date: February 7, 2014

Title: <u>FRANK AGUILAR, ET AL. v. OCWEN LOAN SERVICING, LLC, ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Michelle Urie</u>                          <u>  N/A  </u>
Deputy Clerk                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                               None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING DEFENDANTS' MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** [filed 11/21/13]

     Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for February 10, 2014 at 1:30 p.m. is hereby vacated and off calendar.

**INTRODUCTION**

     Plaintiffs Frank Aguilar and Helen Aguilar (together, "Plaintiffs") filed this action on February 13, 2013 in Orange County Superior Court against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (together, "Defendants"), as well as Western Progressive, LLC ("Western").[1] Plaintiffs' Second Amended Complaint ("SAC") alleges causes of action for wrongful foreclosure, promissory estoppel, fraud, and violations of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.* (Dkt. No. 1, Exh. A ["SAC"].) The action was subsequently removed to this Court. Before the Court is Defendants' motion to dismiss the SAC. (Dkt. No. 4.) For the following reasons, the motion is **GRANTED**.

//

---

[1] Western was subsequently dismissed with prejudice from this action. (Dkt. Nos. 6, 9.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01717-CJC(Ex)                              Date: February 7, 2014
                                                            Page 2

## BACKGROUND

In March 1996, Plaintiffs took out a loan from Bank of America in the amount of $200,350.00 to purchase the property located at 6032 Kendrick Circle, Huntington Beach, California (the "Property").  (SAC ¶¶ 1, 13.)  The loan was secured by a deed of trust recorded on March 20, 1996 (the "Deed of Trust").  (SAC, Exh. B.)[2] The Deed of Trust named Bank of America as the beneficiary and Equitable Deed Company as trustee. (*Id.*)  Plaintiffs defaulted on their payment obligations on the loan in early 2012, (SAC ¶ 15), and had apparently defaulted on prior occasions, (SAC ¶ 14).  On August 10, 2012, Western issued a Notice of Default and Election to Sell under Deed of Trust ("Notice of Default").  (SAC, Exh. F.)  The Notice of Default, which was recorded on August 13, 2012, advised Plaintiffs that the past due payments totaled $13,565.90 as of August 10, 2012 and would "increase until your account becomes current." (*Id.*)  Western signed the Notice of Default as "Western Progressive, LLC, as agent for beneficiary." (*Id.*)

On September 14, 2012, Bank of America assigned its beneficial interest in the Deed of Trust to Ocwen.  (SAC, Exh. C.)  The assignment was recorded on October 11, 2012.  (*Id.*)  On October 31, 2012, Ocwen, as the current beneficiary under the Deed of Trust, substituted Western for Equitable Deed Company as trustee.  (SAC, Exh. D.)  Ocwen subsequently, on November 19, 2012, assigned its interest in the Deed of Trust to Freddie Mac, and the assignment was recorded on December 5, 2012.  (SAC, Exh. E.)  On November 28, 2012, Western recorded a Notice of Trustee's Sale  ("Notice of Sale"), which provided notice that the Property would be sold at public auction at 1:30 p.m. on December 27, 2012, and identified the amount of unpaid balance and charges as $156,601.33.  (SAC, Exh. J.)

Plaintiffs allege, "on information and belief," that in "mid December 2012" they contacted Ocwen's representatives and/or agents, who told them that if they tendered $18,043.05 on or before December 26, 2012, Ocwen would call off the foreclosure sale. (SAC ¶ 26.)  Plaintiffs allege that they wired $18,043.05 to Ocwen on December 26, 2012.  (SAC ¶ 30.)  Plaintiffs then spoke with an Ocwen representative, who told them

---

[2]  As an initial matter, Plaintiffs assert that the Court should not consider the numerous recorded documents attached as exhibits to their SAC.  (Dkt. No. 11 ["Pls.' Opp'n"] at 4–5.)  These exhibits are considered part of the SAC and are properly considered on a Rule 12(b)(6) motion. Fed. R. Civ. Proc. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01717-CJC(Ex)                                             Date:  February 7, 2014
                                                                                                                                    Page 3

the $18,043.05 was not sufficient to pay the balance owing on their loan and an additional $4,962.00 was required. (SAC ¶ 32.) The following day, December 27, 2012, at 1:30 p.m., the Property was sold to P Assets, Inc. at the trustee's sale. (SAC ¶ 38.) Later that day, at 4:45 p.m., Plaintiffs wired $4,962.00 to Ocwen. (SAC ¶ 33; Exh. I.)

**DISCUSSION**

      A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. In considering whether to dismiss a case for failure to state a claim, the issue before the court is not whether the claimant will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims asserted. *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997). When evaluating a Rule 12(b)(6) motion, the district court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Moyo v. Gomez*, 32 F.3d 1382, 1384 (9th Cir. 1994). Rule 12(b)(6) is read in conjunction with Rule 8(a), which requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2). Dismissal of a complaint for failure to state a claim is not proper where a plaintiff has alleged "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the district court should grant the plaintiff leave to amend if the claim can possibly be cured by additional factual allegations, *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995), the district court need not grant leave to amend if amendment would be futile, *see Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (finding that amendment would be futile where plaintiff was granted leave to amend once and the amended complaint contained the same defects as the prior complaint).

*Wrongful Foreclosure*

      Plaintiffs assert that because Western had not yet been substituted as trustee at the time it issued the Notice of Default on August 10, 2012, the issuance violated California Civil Code section 2924(a), and the Notice of Default, and consequently the Notice of Sale and the trustee's sale itself, were invalid. (SAC ¶¶ 42–46.) However, California's foreclosure statutes require only that the substitution of trustee occur prior to the notice of sale, not prior to the notice of default. Cal. Civ. Code § 2934a(c). Moreover, California Civil Code section 2924(a)(1) allows the notice of default to be recorded by the "trustee, mortgagee, or beneficiary, or any of their authorized agents." Plaintiffs do not offer any

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01717-CJC(Ex)                      Date: February 7, 2014

Page 4

non-conclusory allegations that Western, which issued the Notice of Default "as agent for beneficiary," was not, in fact, an authorized agent.

Further, in order to maintain an action for wrongful foreclosure in California, the plaintiff is "required to demonstrate the alleged imperfection in the foreclosure process was prejudicial to the plaintiff's interests." *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 272 (2011); *see also Knapp v. Doherty*, 123 Cal. App. 4th 76, 86, n.4 (2004) ("A nonjudicial foreclosure sale is presumed to have been conducted regularly and fairly; one attacking the sale must overcome this common law presumption by pleading and proving an improper procedure and the resulting prejudice.") (internal quotation marks omitted). Plaintiffs do not allege, or even suggest, how they were prejudiced or harmed by Western's technical status at the time it issued the Notice of Default.

Finally, Plaintiffs' wrongful foreclosure action is deficient because it fails to allege that they have tendered the amount due on the loan. "Under California law, the 'tender rule' requires that as a precondition to . . . any cause of action implicitly integrated to the [foreclosure] sale, the borrower must make a valid and viable tender of payment of the secured debt." *Johnson v. Mortg. Elec. Registration Sys., Inc.*, No. CV 11-08038, slip op. at *6 (C.D. Cal. Nov. 3, 2011) (quoting *Montoya v. Countrywide Bank, F.S.B.*, No. CV 09-00641, 2009 WL 1813973, at *11 (N.D. Cal. June 25, 2009)).

*Promissory Estoppel*

Plaintiffs' promissory estoppel claim alleges that Ocwen made a promise to them that their "home would not be foreclosed and that Plaintiffs would no longer be in default on their mortgage and facing foreclosure if they made the requested payment of $18,043.05." (SAC ¶ 52.) Plaintiffs fail to state a claim for promissory estoppel. The elements of a promissory estoppel claim in California are "(1) a promise clear and unambiguous in its terms," (2) reliance, (3) the reliance must be reasonable and foreseeable, and (4) injury resulting from reliance. *Aceves v. U.S. Bank, N.A.*, 192 Cal. App. 4th 218, 225 (2011) (internal quotation marks omitted).

Plaintiffs fail to allege facts showing that their reliance on Ocwen's alleged promise was reasonable and foreseeable. The clear terms of the Notice of Default informed Plaintiffs: "You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-01717-CJC(Ex)                            Date: February 7, 2014
                                                                                                             Page 5

late charges," and that the amount due "will increase until your account becomes current." (SAC, Exh. F.) Further, the Notice of Default provides that default may be cured in a manner agreed to by the parties if the parties "mutually agree in writing prior to the time the notice of sale is posted," and allows Plaintiffs to obtain "a written itemization of the entire amount [they] must pay" upon their "written request." (*Id.*) Given these disclosures, and the statutory framework that removes any obligation to reinstate a loan if the payment is made later than five business days prior to the foreclosure sale, *see* Cal. Civ. Code § 2924c(e), it was neither reasonable nor foreseeable that Plaintiffs would rely on a verbal representation by an undisclosed Ocwen representative that Plaintiffs had up until the day before the sale to make a payment and stop the sale, as alleged in the SAC. In addition, Plaintiffs fail to allege legally sufficient detrimental reliance. *See Secrest v. Sec. Nat'l Mortg. Loan Trust 2002-2*, 167 Cal. App. 4th 554, 556 (2008) (for estoppel to apply, plaintiff must allege reliance such as the conveyance of property, rendering personal services, or doing something other than the payment of money). Plaintiffs merely allege that they paid a sum of money toward the defaulted balance of the loan, which was a payment they were contractually obligated to make, and as such cannot constitute detrimental reliance. *See Singh v. Wells Fargo Bank*, No. 1:10–CV–1659 AWI SMS, 2012 WL 691705, at *6 (E.D. Cal. Mar. 2, 2012).

*Fraud*

       Plaintiffs' fraud claim is premised on their allegation that Ocwen misrepresented that it would stop the foreclosure sale if Plaintiffs paid $18,043.05. The elements of a fraud claim in California are: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 974 (1997) (internal citation and quotation marks omitted). Under the Federal Rules, a plaintiff alleging fraud or mistake must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The heightened pleading standard of Rule 9(b) requires the plaintiff to allege the "who, what, when, where, and how" of the alleged fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). The allegations of fraud must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir. 1993).

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01717-CJC(Ex)            Date: February 7, 2014
           Page 6

Among other deficiencies, Plaintiffs fail to allege the identity of the individual who allegedly made the fraudulent representation, when precisely it was made, or any facts indicating the individual's authority to speak on behalf of Ocwen. *See Lucero v. Am. Home Mortg.*, No. C 09–02879 CRB, 2011 WL 996659, at *2 (N.D. Cal. Mar. 21, 2011) (plaintiff alleging fraud against corporation must state the "names of the persons who made the allegedly fraudulent representations, their authority to speak, to whom they spoke, what they said or wrote, and when it was said or written"). Accordingly, Plaintiffs' fraud claim must be dismissed.

*Quiet Title*

Plaintiffs' fifth cause of action is to quiet title in the Property. Under California law, however, "a borrower may not assert quiet title against a mortgagee without first paying the outstanding debt on the property." *Rosenfeld v. JPMorgan Chase Bank, N.A.*, 732 F. Supp. 2d. 952, 975 (N.D. Cal. 2010) (internal citations omitted). Plaintiffs have not tendered the outstanding debt on the Property. More important, given that the Property has already been foreclosed and sold to a third party, Plaintiffs lack standing to bring a quiet title action. *Monreal v. GMAC Mortg., LLC*, 948 F. Supp. 2d 1069, 1080 (S.D. Cal. 2013) ("To the extent that plaintiff seeks to quiet title 'now,' he lacks standing to do so, because the property at issue has already been sold.") (internal citation and quotation marks omitted); *Myvett v. Litton Loan Servicing, LP*, No. CV–08–5797 MMC, 2010 WL 761317, at *6 (N.D. Cal. Mar. 3, 2010) ("[P]laintiffs' claim to the property is extinguished as they allege and admit the property has been sold; consequently, plaintiffs' action to quiet title necessarily fails."). Plaintiffs therefore cannot maintain a quiet title action against Defendants and the claim must be dismissed with prejudice.

*Violation of California's UCL*

Plaintiffs' claim for violation of California's UCL is premised on the same conduct that forms the basis of their other deficient claims. The UCL forbids acts of unfair competition, including "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Section 17200 "borrows violations of other laws and treats" them as unlawful business practices "independently actionable under section 17200." *Farmers Ins. Exch. v. Superior Court*, 2 Cal. 4th 377, 383 (1992); *see also Hauk v. JP Morgan Chase Bank U.S.*, 552 F.3d 1114 (9th Cir. 2009). Because Plaintiffs' UCL claim is premised on facts supporting their other claims, all of which the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-01717-CJC(Ex)                              Date:  February 7, 2014
                                                                                              Page 7

Court has found to be deficient, Plaintiffs' claim for violation of section 17200 must be dismissed.

**CONCLUSION**

     For the foregoing reasons, Defendants' motion to dismiss the SAC is **GRANTED**. Because Plaintiffs' wrongful foreclosure and quiet title claims cannot be cured by additional factual allegations, they are **DISMISSED WITH PREJUDICE**.  The remaining claims are **DISMISSED WITH LEAVE TO AMEND**.  Plaintiffs shall file a third amended complaint consistent with this Minute Order within twenty (20) days of the date hereof.


bsc

MINUTES FORM 11
CIVIL-GEN                                                                              Initials of Deputy Clerk MU